IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Byron Lewis Pointer,<br><br>        Plaintiff,<br><br>v.<br><br>Katherine H. Flynn,<br><br>        Defendant. | C/A No. 4:25-cv-28-SAL<br><br><br>**ORDER** |

Plaintiff Byron Lewis Pointer ("Plaintiff"), a pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending the action be summarily dismissed without prejudice and without issuance and service of process. [ECF No. 27.]

Plaintiff claims he is being maliciously prosecuted by Assistant United States Attorney Katherine Flynn ("Flynn"), and he seeks both monetary damages and dismissal of his charges. He filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [ECF No. 27 at 1; ECF No. 1 at 4; ECF No. 23 at 1.] But because Flynn, as a prosecutor, is entitled to immunity for claims for monetary damages under *Bivens* for acts taken in her prosecutorial role, the magistrate judge recommends the claims against her be summarily dismissed. [ECF No. 27 at 4 (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Nivens v. Gilchrist*, 444 F.3d 237, 249–50 (4th Cir. 2006)).] The magistrate judge further notes that Plaintiff's other complaints or concerns as to the accuracy

of his pre-sentence report, his attorney's representation, or other issues related to his criminal case should be directed to the sentencing court.[1] *Id.* at 5. And Plaintiff's request to have his charges dismissed is not available in this action. *Id.* Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 6. Plaintiff has not filed objections, and the time for doing so has expired.[2]

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

---

[1] The court notes that the docket in Plaintiff's criminal case reflects that Plaintiff has a pending motion to withdraw his guilty plea. *See United States v. Byron Lewis Pointer*, 4:24-cr-65-JD.

[2] On March 17, 2025, the court received a letter from Kerrie Robinson, the mother of Plaintiff's children. [ECF No. 31.] In her letter, Robinson alleges the charges against Plaintiff are based on false evidence and raises further complaints related to his criminal case. The letter makes no mention of the Report, nor can the court construe it as such. The court reiterates the letter is not from Plaintiff, and no correspondence has been received from Plaintiff since the Report was entered.

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standards, the court finds no clear error, adopts the Report, ECF No. 27, and incorporates it by reference herein. This matter is **DISMISSED without issuance and service of process**.

**IT IS SO ORDERED.**

April 8, 2025
Columbia, South Carolina

Sherri A. Lydon
United States District Judge